### KEMP'S HEIRS *vs.* KEMP'S EXECUTORS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. HELENA.

In a suit against executors, requiring them to account and pay over the funds, the widow, in community with the testator, cannot be made a party. The Court of Probates is without jurisdiction, when she presents no claim against the succession, as heir, or otherwise.

Heirs cannot prosecute the executors of their ancestor in the Probate Court for any sum of money which they may have received from the estate of a deceased brother of the testator, who survived the latter. If they received funds, they are accountable as *negotiorum gestores,* and can only be sued in a court of ordinary jurisdiction.

After executors have taken notes from a debtor of the succession they administer, bearing ten per cent. interest, they cannot, afterwards, cancel these, and take another, bearing a less interest.

So, testamentary executors are not only accountable for what actually came into their hands, but are bound to administer faithfully, and are responsible for losses occasioned by their negligence.

This is an action instituted in the Probate Court by the heirs of Thomas Kemp, deceased, requiring his executors to account for the administration of their deceased ancestor's estate, and pay over to them such balance as may be found due.

The plaintiffs show that their father died in 1818, and in his will appointed Demcy Kemp and P. Hutchinson, his executors, who took upon them the duties of said office. The will gave to the widow, (now Margaret Nettles,) a negro, named Joe, who is estimated at eight hundred dollars, provided she deducted this price, or sum, from her claims on the succession. At the time of his death, Thomas Kemp was concerned as partner in a store with his brother, David Kemp, and provided in his will that the latter should take the goods at their appraised value, and that they were appraised at nineteen thousand four hundred and fifty-nine

Eastern Dist.
March, 1837.

KEMP'S HEIRS
vs.
KEMP'S
EXECUTOR.

dollars, in the inventory.   The remainder of the succession was to be sold by the executors.

The plaintiffs further show, that the executors took from David Kemp, in part payment for said goods, his three promissory notes for the sum of two thousand six hundred and ninety-five dollars, drawing interest at ten per cent. per annum. They pray that the executors be required to render an account of their administration, and pay over such sums of money as shall be found due.

The executors filed their accounts, showing a distribution of the proceeds and effects of the succession, and prayed that it be homologated, and they discharged.   In relation to David Kemp's notes, they aver they received but a small portion due on them, and that they were ordered by a decree of the Probate Court, to give them up, and receive in their place the note of the administrator of David Kemp's estate, who was now deceased.   This note bore only five per cent. interest.

In an amended answer, the executors pray, that Margaret Nettles be made a party, and required to account, as widow, in community with the late Thomas Kemp, and especially to account for the estimated value of the negro Joe, given to her by the will.

The plaintiff's counsel excepted to the jurisdiction of the Probate Court, requiring the widow to be made a party, and that she, being since married, could not be called into court without the aid of her husband.

The exception was overruled, and the opinion of the court excepted to.   The widow came in and filed her answer and plea of intervention.

Upon these pleadings and issues, the parties went to trial. There was a mass of testimony produced on both sides, relative to the accounts of the succession.   The probate judge, among other things decreed, that the widow should pay eight hundred dollars to the succession of her deceased husband, as the price of the negro Joe; and also decreed a partition and settlement between the plaintiffs and the widow; and, further, exonerated the executors from liability in receiving a

note of the administrator of David Kemp's estate, in lieu of the balance due on three notes, executed by him to the executors in his life time, bearing ten per cent. interest. Both the plaintiffs, and Margaret Nettles appealed.

Eastern Dist.
*March*, 1837.

KEMP'S HEIRS
*vs.*
KEMP'S
EXECUTOR.

*T. L.* and *S. P. Andrews*, for the plaintiffs, and intervenor, Mrs. Nettles, contended, that the widow, in community, was improperly made a party.   If any of the parties had claims against her, the Probate Court was without jurisdiction to enforce them ; that she is a stranger to the transactions for which the defendants are called on to account.   She is accountable alone to the plaintiffs, if at all, and should be sued in the ordinary jurisdiction with her husband.

2. The defendants are liable for the notes of David Kemp, drawing ten per cent. interest.   They were without authority to give them up, and the order of court authorizing them to do so, for the administrator's note drawing only five per cent. interest, is illegal and null.

3. The defendant's account is erroneous, and does not account for the estate of the decedent, as they are bound to do.   The judgment of the Probate Court should, therefore, be reversed.

*Lawson,* for the defendants.

*Bullard, J.,* delivered the opinion of the court.

In this case, the heirs of Thomas Kemp sue to compel the executors of his last will, to render an account of their administration, and prosecute the present appeal from a judgment of the Court of Probates, by which their account was approved.

The succession was opened as long ago as 1818, and from the confusion of accounts and proceedings cumulated in the record, we have found it extremely difficult to arrive at any satisfactory conclusion.   Under these circumstances, we shall proceed to notice only some leading questions of law, in which, we are of opinion, the court below erred.

I. The defendants prayed that the widow of the deceased testator, who was in community with him, might be made a

In a suit against executors, requiring them to pay over the funds, the widow, in community with

EASTERN DIST.
March, 1837.

KEMP'S HEIRS
vs.
KEMP'S
EXECUTOR.

the testator, cannot be made a party. The Court of Probates is without jurisdiction when she presents no claim against the succession as heir or otherwise.

Heirs cannot prosecute the executors of their ancestor in the Probate Court for any sums of money which they may have received from the estate of a deceased brother of the testator, who survived the latter. If they received funds, they are accountable as *negotiorum gestores,* and can only be sued in a court of ordinary jurisdiction.

After executors have taken notes from a debtor of the succession they administer, bearing ten per cent. interest, they cannot afterwards cancel these; and take another bearing less interest.

party, and she was accordingly cited, and excepted to the jurisdiction of the court. The court, in our opinion, erred in overruling her plea; not being one of the heirs, she had nothing to claim of the executors, and no account to settle with them. If the executors had paid over to her a greater portion of the estate than she was entitled to, they could not compel her to refund by a suit in the Court of Probates; and we do not perceive the necessity of making her a party, for the purpose of showing how much she had received, in point of fact.

II. As it relates to the plaintiffs' demand for a portion of the claim against Bookter, which it is alleged they inherited from the estate of their uncle, David Kemp, and was received by the defendants to their use, we are of opinion, it cannot be inquired into, in this case; David Kemp survived his brother, and the defendants, as executors of Thomas Kemp, were without capacity to receive it for the plaintiffs, and if they did receive any part, they may be accountable for it, as *negociorum gestores,* but it cannot properly form an item in their account as executors of Thomas Kemp, to whom the fund never belonged; such a claim can be prosecuted only in a court of ordinary jurisdiction.

III. In relation to the three notes of David Kemp, we are of opinion, that the order of the Court of Probates, directing those notes which bore interest at ten per cent., to be cancelled and replaced by one of his administrator, at a reduced rate of interest, is not conclusive upon the plaintiffs. If the executors had stipulated for an interest of ten per cent. from a debtor to the estate, they had no authority to give up that benefit; and at the time the judgment was rendered, the year of their executorship had expired, and they had no longer any capacity to represent the succession in a judicial proceeding, unless such as had commenced during the year; they are therefore accountable for the interest at ten per cent. up to the time the debt was paid to them.

IV. The settlement made by Bradford and Kinchen, appears to us not conclusive upon the plaintiffs, as they were not properly represented. Instead of taking that set-

tlement, homologated by the Court of Probates, in 1824, as the basis of the account to be now rendered by the executors, we think the plaintiffs authorized to demand their fourth of the inventory, together with the price of the negro Joe, eight hundred dollars, and such sums as the executors received in that capacity, after deducting, what they may show, was paid for debts, and that they are all accountable for inabilities to make collections. By the will, the executors were not authorized to dispose of the property for less than its appraised value. The court below appears to have acted on the principle that the executors are accountable only for what actually came into their hands; but we think they were bound to administer faithfully, and are responsible for losses occasioned to the estate, by their negligence.

Eastern Dist.
April, 1857.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be avoided and reversed; that Margaret Nettles be dismissed from the suit, and that the case be remanded to the Court of Probates, to be proceeded in according to law, and that the defendants pay the costs of this appeal.